UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ELAINE MATHEWS : CASE NO. 1:98-CV-00106
:
      Plaintiff, :
:
  v. : ORDER
: [Resolving Docs 45, 46, 52, 53 ]
THE GUARDIAN LIFE INSURANCE :
COMPANY OF AMERICA, *et. al.*, :
:
      Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Elaine Mathews moves this Court to seal the public record and to reopen her case.[1] Defendant The Guardian Life Insurance Company of America ("Guardian") opposes both motions.[2] For the following reasons, this Court **DENIES** the Plaintiff's motions.

## I. Background

In December 1997, Plaintiff Mathews filed a complaint against Defendant Guardian in the Cuyahoga Court of Common Pleas. Plaintiff Mathews claimed long-term disability benefits under an employee welfare benefit plan of her former employer, The Jacobs Group. Defendant Guardian removed the case to the United States District Court on January 20, 1998.[3]

On June 30, 1999, this action was settled and dismissed with prejudice.[4]

Nearly 15 years later, on February 13, 2014, Plaintiff Mathews filed a motion to seal

---

[1] Doc. 45; Doc. 46.
[2] Doc. 52; Doc. 53.
[3] Doc. Doc. 53; Doc. 1.
[4] Doc. 44.

Case No. 1:98-CV-00106
Gwin, J.

public records.[5/] Plaintiff Mathews says that the record contains her medical records, which should be protected from disclosure by HIPAA.[6/]

Shortly after, on February 24, 2014, Plaintiff Mathews filed a motion to reopen the case.[7/] In the motion, Plaintiff Mathews says that (1) Judge Aldrich was not competent to preside over the case; (2) she suffered from additional undiagnosed illnesses which could have been included in her claim; (3) the Judge misconstrued a statement by Dr. Joseph Murray; (4) she suffers from defamation of character; and (5) she was coerced into settlement because she was not of sound mind and the costs of litigation.[8/] The Court will address each motion in turn.

## II. Analysis

### A. Motion to Seal

This Court operates as a public forum, not as a private dispute resolution service.[9/] "Only the most compelling reasons can justify non-disclosure of judicial records."[10/]

The Court denies Plaintiff Mathews's motion to seal. First, the Court finds that Plaintiff Mathews waived any right to confidentiality of her medical records when she made her medical condition and diagnoses at issue.[11/]

Second, even if Plaintiff did not waive confidentiality, the Health Information Portability and Accountability Act (HIPAA) is inapplicable. HIPAA does not apply to coverage for accident or

---

[5/] Doc. 45.
[6/] *Id.*
[7/] Doc. 46.
[8/] *Id.*
[9/] *United States v. Ford*, 830 F.2d 596, 599 (6th Cir.1987).
[10/] *In re Knoxville News–Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir.1983).
[11/] *Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) (holding that the confidentiality of health records is waived when placed at issue)

Case No. 1:98-CV-00106
Gwin, J.

disability insurance.[12/] Since Plaintiff Mathews's claim is for long term disability benefits under an ERISA employee welfare benefit plan, HIPAA does not apply and does not require the sealing of the records.

**B. Motion to Reopen**

Federal Rule of Civil Procedure Rule 60(b) names six circumstances in which a party may receive relief from "a final judgment, order, or proceeding," including the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void . . . ; (5) the judgment has been satisfied, released or discharged . . . or (6) any other reason that justifies relief."[13/] Such relief is disfavored "by public policy favoring finality of judgments and termination of litigation."[14/]

The Court denies the motion to reopen as untimely. A motion for relief from judgment under Rule 60(b)(1),(2), or (3) must be filed within one year from judgment.[15/] The final judgment in this case was June 30, 1999. Plaintiff's motion to reopen was filed 14 years later, and thus it is not timely. Rule 60(b)(4) and (5) are inapplicable, and the Court cannot grant relief under Rule 60(b)(6) because the motion was not brought "within a reasonable time" as a matter of law.[16/] Further

---

[12/]42 U.S.C. § 300gg-91(c)(1)(A).

[13/]Fed. R. Civ. P. 60(b)(1)-(6).

[14/]*McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (internal quotation marks and citation omitted).

[15/]Fed. R. Civ. P. 60(c)(1).

[16/]*Id.*

-3-

Case No. 1:98-CV-00106
Gwin, J.

Plaintiff failed to "articulate a reasonable basis for [the 14 year] delay."[17]

Even if the motion was brought within a reasonable time, the Court finds no "extraordinary circumstances" justifying reopening the case under Rule 60(b)(6).[18] Plaintiff Mathews settled the case and could have appealed any ruling she disagreed with by the district court. Plaintiff cannot ask the Court to reopen the case because 14 years later she regrets settling.

### IV. Conclusion

Accordingly, the Court **DENIES** Plaintiff Mathews's motion to seal and motion to reopen.

IT IS SO ORDERED

Dated: April 28, 2014                    s/ *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[17] *Tyler v. Anderson*, 13-4036, 2014 WL 1465040 (6th Cir. Apr. 15, 2014) (citing *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir.2003)).

[18] *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

-4-